IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE MICHAEL E. HEGARTY**

| | |
|---|---|
| Civil Action No.:  14-cv-01095-MEH | Date:   October 30, 3015 |
| Courtroom Deputy: Molly Davenport | **FTR – Courtroom A501** |

| | |
|---|---|
| AMY TAKACS | Daniel Gerash |
| Plaintiff, | |
| vs. | |
| JEFFREY TENENBAUM | Saskia Jordan |
| | Laura Menninger |
| Defendants. | |

### COURTROOM MINUTES/MINUTE ORDER

**MOTION HEARING**

**Court in session:   10:05 a.m.**

Court calls case.   Appearances of counsel.

Argument and discussion held regarding         .

**ORDERS ON MOTIONS:**

Following oral argument regarding the [41] MOTION to Compel by Defendant Jeffrey Tenenbaum.is GRANTED IN PART AND DENIED IN PART as stated on the record.

Following oral argument regarding the [42] MOTION to Stay Proceedings by Plaintiff Amy Takacs, the motion is DENIED.

Following oral argument regarding the [44] MOTION to Compel Adequate Disclosure and Discovery Responses from Defendant by Plaintiff Amy Takacs GRANTED IN PART AND DENIED IN PART as stated on the record.

**ADDITIONAL ORDERS AND RULINGS**:

Medical and Educational Records:
1. Plaintiff shall provide to Defendant a list of all educational institutions she has attended starting with high school and a list of medical providers she can recall seeing for the past ten years from date of alleged incident.
2. Within ten days, Defendant will draft releases for Plaintiff's educational institutions going back five years from the date of the alleged incident and medical providers going back ten years from

the date of the alleged incident. Plaintiff will sign those releases. Defendant will direct the records be sent to the Court. Defendant will do the same for Defendant's records at the University of Colorado and the University of Arizona.
3. Within ten days, the parties should submit "fact cheat sheets" to the Court to assist the Court in ruling on which portion of the records are discoverable.
4. The Court will provide each party with its proposed rulings regarding discovery of the records before providing the material to the respective opposing party. Each party will have an opportunity to object.

Social media, Text message, and Emails:
Plaintiff will submit a supplemental letter to Defendant in ten days.   Plaintiff's client will search her telephone and, if necessary, consult someone who is more familiar with the technology, for text messages within the parameters of Defendant's request.   The letter will state that Plaintiff has done this and (1) attach additional relevant messages, or (2) state no relevant messages, AND make a statement, if true, that she deleted no texts or emails that might be responsive to defendant's discovery requests. The foregoing ruling applies to emails as well and is an ongoing obligation.

Defendant will resubmit Interrogatory No. 6 to make it sufficiently specific so Plaintiff can identify actual persons.

Defendant will review discovery sent from the Boulder DA and make a good faith statement, if true, that Defendant's set is the same as Plaintiff's set.

Plaintiff will submit to Defendant within ten days an inclusive list of mental health conditions for Defendant to answer "yes" or "no" as to whether he has ever experienced or been diagnosed with each condition.

Once the parties have had a chance to confer, the parties can submit a revised proposed scheduling order.

**Court in recess:   12:00 a.m.   (Hearing concluded)**
**Total time in court:   01:55**

To obtain a transcript of this hearing, please contact Avery Woods Reporting at (303)825-6119.